UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TASHA M.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C25-5987-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found supraventricular tachycardia, depressive disorder, anxiety disorder, attention-deficit/hyperactivity disorder "ADHD," and posttraumatic stress disorder "PTSD," are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work with additional limitations; Plaintiff has no past relevant work but is not disabled because there are jobs which exist in significant numbers in the national economy that she can perform. Tr. 17-27.

Plaintiff contends the ALJ harmfully misevaluated her testimony, the nonmedical source evidence, Nurse Patterson's opinion, and erred at step five. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER REVERSING AND REMANDING - 1

## DISCUSSION

**A.      Plaintiff's Testimony**

The ALJ acknowledged Plaintiff testified her mental health conditions are disabling because they make it difficult for her to leave her home, be around others, and can cause hallucinations. Tr. 22. The ALJ did not find malingering and was thus required to provide clear and convincing reasons to reject Plaintiff's testimony. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). Here, the ALJ rejected Plaintiff's testimony as "inconsistent with the record of her treatment and activities of daily living." *Id.*

In support, the ALJ found Plaintiff alleged disability starting July 20, 2022, Tr. 17; Plaintiff received minimal mental health treatment in 2022; and in July and August, 2022 Plaintiff had "intact insight and judgment," congruent affect, linear and goal-directed thought process and was alert and showed she could understand and apply simple instructions. *Id.*

The ALJ found in December 2022, Plaintiff started treatment and reported anxiety, difficulty concentrating and lack of interest though her memory, judgment and behavior were normal. The ALJ found limiting Plaintiff to simple tasks and decisions address her concentration and "mental status presentation." *Id.*

The ALJ acknowledged in February 2023, Plaintiff reported depressive and anxiety symptoms. The ALJ found "her anxiety symptoms are addressed by the residual functional capacity." Tr. 23. The ALJ found Plaintiff had a normal mental status examination; she was not interested in taking sertraline; she reported hallucinations; and she was oriented and cooperative. The ALJ considered Plaintiff's hallucinations and found since they were not constant, Plaintiff could perform simple tasks with occasional work-place changes. *Id.*

ORDER REVERSING AND REMANDING - 2

In October 2023, the ALJ noted Plaintiff was referred to a mental health specialist. The ALJ found Plaintiff was referred "later in her alleged period further supports her ability to work." *Id.* The ALJ found Plaintiff's anxiety complaints are addressed "by limiting her to occasional interactions with supervisors and co-workers in jobs that do not require tandem tasks." *Id.* The ALJ also noted in May 2024, Plaintiff started Adderall and in July 2024 was engaged, oriented, had no hallucinations. Although Plaintiff was anxious, the ALJ found her mental status examination is consistent with work within the RFC determination. *Id.*

The medical record discussed by the ALJ does not contradict Plaintiff's testimony. The thrust of Plaintiff's testimony is that her anxiety, depression and PTSD limit her ability to leave her home and be around others and can reduce her ability to perform tasks when she is panicky and anxious. As Plaintiff points out, her medical record reports her fear of leaving home, her panic attacks making it difficult to be around others and to perform tasks and her very limited social interactions. Plaintiff also points out there is medical opinion evidence indicating Plaintiff displayed distractibility, restricted affect, depressed mood, anxiousness, depression, passive suicidal ideation, crying, and poor attention. The ALJ's decision does not mention or weigh this evidence, and thus provides an incomplete assessment of the limitations Plaintiff alleges. The Court finds substantial medical evidence does not support the ALJ's finding that Plaintiff's medical record contradicts her claims of being fearful of leaving her home and being around people and can affect her ability to perform tasks when anxious.

The Court notes the ALJ correctly found Plaintiff obtained more mental health treatment between the alleged onset date to the date of the ALJ's decision. But this is not a basis to reject the entirety of Plaintiff's testimony because a record of increased medical treatment indicates increased or worsening of mental health symptoms, not no symptoms or limitations.

ORDER REVERSING AND REMANDING - 3

The ALJ also found Plaintiff's ability to cook, grocery shop, do laundry, dig for rocks, and ready show she can sustain "concentration, persistence, and pace to perform simple tasks, as well as making simple work-related decisions." Tr. 24. This finding fails to address Plaintiff's testimony about her fear of leaving her home and being around people and thus is not a clear and convincing reason to reject Plaintiff's testimony. These activities also do not contradict Plaintiff's testimony her ability to **perform** activities is reduced when she is anxious and around people.

The Court concludes the ALJ harmfully erred in rejecting Plaintiff's testimony and must reassess her testimony on remand.

**B.      Lay Testimony**

The ALJ stated he considered the testimony of Plaintiff's mother Pam M. and Plaintiff's boyfriend and found their statements "are generally consistent with the claimant's allegations." Tr. 26. The Commissioner argues because the ALJ properly rejected Plaintiff's testimony any error the ALJ committed in assessing the lay testimony is harmless. This argument is foreclosed because as discussed above, the ALJ erroneously rejected Plaintiff's testimony. Accordingly, the ALJ must reassess the lay testimony on remand.

**C.      Psychiatric Mental Health Nurse Practitioner Duane Patterson, PMHNP**

The ALJ rejected PMHNP Patterson's August 2024 assessment Plaintiff would be off-task 21-30% of a workweek on the grounds the assessment used a check-box format and lacked supporting explanation. Tr. 25. The ALJ erred. First the ALJ acknowledged PMHNP Patterson's assessment of Plaintiff's "domain limitations are supported by a recently established treatment relationship." *Id.* The record shows PMHNP Patterson began treating Plaintiff in December 2023, managed her medications, and noted in his treatment sessions Plaintiff's distractibility,

ORDER REVERSING AND REMANDING - 4

anxious mood, crying and hair pulling, tangential thought, and poor attention and concentration. Plaintiff correctly points out that PMHNP Patterson's treatment notes document regular mental health abnormalities and that while Plaintiff's medications helped improve her symptoms, the medications have not resolved them.

The Commissioner argues the ALJ's assessment of PMHNP Patterson's opinions is a reasonable interpretation of the PMNHP's records. However, the Court focuses on the ALJ's findings. The ALJ found while Plaintiff's mental status examinations "shows some variability in the claimant's symptoms" "she has generally been cooperative and engaged with treatment and has not demonstrated significant, sustained deficits or exhibited signs of decompensation." Tr. 25. The Court finds the ALJ acknowledged Plaintiff's symptoms exhibit variability, indicating the ALJ found they could be severe. Being "cooperative" and engaging in treatment is not a reasonable basis to reject the variability of Plaintiff's symptoms as the ALJ found variability notwithstanding her treatment. The ALJ's finding Plaintiff has not shown sustained deficits is not supported by PMHNP Patterson's records which tend to show Plaintiff has consistently displayed abnormal mental symptoms. And the ALJ finding Plaintiff has not shown signs of decompensation is not a reasonable basis to reject the PMHNP's opinion. The PMHNP opined Plaintiff has significant functional limitations. The rationale that Plaintiff has not decompensated below her current functional limitations neither addresses her limitations nor is a reasonable basis to reject Plaintiff's current level of functioning.

The Court accordingly concludes the ALJ harmfully erred in rejecting PMHNP Patterson's opinions.

ORDER REVERSING AND REMANDING - 5

**D.      Step-Five Findings**

Because the ALJ erroneously reject the testimony of Plaintiff and the lay witnesses, and also erroneously rejected PMHNP Patterson's opinions, the RFC determination fails to account for all limitations, and the ALJ's step-five findings must be reassessed on remand.

## CONCLUSION

For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess the opinions of PMHNP Patterson, the testimony of Plaintiff and the lay witnesses; develop the record and redetermine RFC as needed and proceed to the remaining steps of the sequential evaluation process as appropriate.

DATED this 18th day of March, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING - 6